No. 10,367.

THE FARM PRODUCTS, LAND AND INVESTMENT CO. *v.* STOUT.

Decided July 3, 1922.

Action on contracts.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   APPEAL AND ERROR—*Fact Findings.*   Where the conflict in evidence is positive, material and irreconcilable, and the judgment, neither manifestly nor otherwise, against the weight thereof, it will not be disturbed on review on the ground that it is not justified by the evidence.

2.   CONTRACT—*Construed.*   Under a contract, plaintiff was to receive for his assistance in effecting the sale of a ranch, "one half of all sums in excess of $132,000 received for the ranch property." Held, that he was entitled to one half of such excess without the deduction therefrom of other commissions and expenses.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. HARRIS & PRICE, for plaintiff in error.

Messrs. STRACHAN, TURNER & CARRUTHERS, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in Error brought this action against plaintiff in error to recover the sum of $4000.00 and interest, alleged to be due on three written contracts.   To review a judgment in favor of the former against the latter in the sum of $3240.00 this writ is prosecuted and the cause is now before us on application for supersedeas.   The parties are hereinafter designated as in the trial court.

Plaintiff rented of defendant two properties, a ranch

and a residence, and separate leases were executed. At the same time, and as a part of the same transaction, the parties entered into a third contract by which it was agreed that if plaintiff complied with his covenants and gave defendant his assistance "to effect a sale" of the ranch defendant would, in the event of such a sale, pay plaintiff "one-half of all sums in excess of $132,000.00 received for the ranch property." This contract also covered the residence but as no question arises herein in connection therewith that portion of it will not be further noticed. The ranch was sold, the contract price being $140,000.00, plaintiff was not paid, and this suit resulted.

Two questions only are here argued by counsel for defendant: 1. The sufficiency of the evidence to justify the finding that plaintiff complied with his contracts; 2. The court's alleged erroneous interpretation of that portion of the third contract hereinabove quoted.

1. The trial court found generally for plaintiff. Counsel for defendant admit the rule that a judgment based upon conflicting evidence will not, on review, be disturbed for want of facts. They urge, however, two alleged exceptions: First, where the conflict is not substantial; second, where it is slight and the judgment manifestly against the weight of the evidence; and contend that this case falls within both.

Assuming, but not here holding, the existence of such exceptions and their correct statement, we are forced to the conclusion that this case does not fall within either. There are approximately 260 typewritten pages of the evidence and we have been obliged to examine the entire transcript with care. No good purpose can be served by an extended discussion of the testimony. Suffice it to say that the conflict in this evidence is positive, material and irreconcilable, and the judgment is neither manifestly, nor in our opinion otherwise, against the weight thereof.

2. It is urged that the proper interpretation of the language "one-half of all sums in excess of $132,000.00 received for the ranch property" turns upon the meaning of

the word "excess" and that its correct definition required the deduction of all expenses of the sale. Based upon that interpretation the defendant demands credit for $4000.00 commission paid to another agent and $140.00 expended for revenue stamps on the deed. The position is untenable. The meaning of the word "excess" as here used is clear and we see no reason for surprise at counsel's inability to find authorities supporting their definition. The controlling language is, "received for the ranch," and that language is likewise so explicit as to require no construction. From what defendant "received for the ranch" he might pay out such sums as he pleased but his expenses thus discharged could in no way affect plaintiff's right to one-half of such excess. The trial court so held and properly deducted from the total sum $750.00, rent due defendant under the lease, and $634.00, necessary rebate allowed the purchaser of the ranch for deficiency in the acreage.

The briefs of counsel here filed cover 86 typewritten pages and seem to us full and complete. In view of the care with which we have examined these briefs, the consideration we have given the entire record, and what seems to us the total absence of reversible error, we think further presentation and consideration unprofitable.

The supersedeas is denied and the judgment affirmed.

Mr. Chief Justice Scott not participating.

Mr. Justice Teller sitting as Chief Justice.